**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELMICIA DIMANCHE,<br><br>    *Plaintiff*,<br><br>v.<br><br>LA BRISE GENERAL CONTRACTOR,<br><br>    *Defendant.* | Civil Action No. 21-cv-09596<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    *Pro se* Plaintiff Elmicia Dimanche seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2. For the reasons discussed below, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* without prejudice and **DISMISSES** his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff claims an average monthly income of $2,000.00. D.E. 1-2 at 1. However, except for listing "Griswold Special Care" as his employer – albeit without completing the address, dates of employment, or gross monthly pay columns under that section – the remainder of Plaintiff's application is completely blank. Plaintiff has failed to establish he is unable to pay the costs of suit. This denial is without prejudice and Dimanche may

refile his application.  If Plaintiff chooses to refile his application, he should complete the entire form so that the Court can determine whether he qualifies to proceed *in forma pauperis*.

Moreover, even if the Court permitted Plaintiff's application to proceed *in forma pauperis*, his Complaint is nevertheless deficient.  When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted).  As a result, a plaintiff must "allege

sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.  In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, regardless of whether the issue is raised by the parties, the "Court has the ability and obligation to address concerns of subject-matter jurisdiction *sua sponte*." *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007).  Importantly, "[o]ne of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred upon a court by consent of the parties."  *Gosa v. Mayden*, 413 U.S. 665, 707 (1973).  Although the diversity section of the Complaint is blank, D.E. 1 at 2, based on the other allegations in the Complaint, this appears to be a contract dispute while also potentially raising other state law issues, such as fraud.  *Id*. at 4.  Plaintiff does not assert federal question jurisdiction pursuant to 28 U.S.C. § 1331, nor does his Complaint reflect any basis for such jurisdiction.  Accordingly, this Court's jurisdiction must be based on diversity jurisdiction under 28 U.S.C. § 1332(a).

To properly invoke subject-matter jurisdiction under 28 U.S.C. § 1332(a), a plaintiff must "show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.,* 387 F. App'x 289, 292 (3d Cir. 2010).  Complete diversity means that a plaintiff must be a citizen of state different than that of each defendant. *Gay v. Unipack, Inc.,* 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011).  "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen,* 48 F.3d 693, 696

(3d Cir. 1995); *see also Scott v. Cohen,* 528 Fed. App'x 150, 152 (3d Cir. 2013) ("Federal jurisdiction is determined from the facts as they exist when the complaint is filed."). Here, the Court evaluates the Complaint's facial compliance with the diversity requirements, as opposed to its factual compliance. *See Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) ("A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.").

Plaintiff indicates that he lives in New Jersey. D.E. 1 at 1. Plaintiff continues that Defendant, a general contractor, is also located in New Jersey. D.E. 2. Plaintiff alleges that he hired Defendant to renovate his home after a fire. D.E. 1 at 3. Plaintiff continues that Defendant did not get the proper permits and never finished the job, leaving Plaintiff without a "heating and air systems." *Id*. Plaintiff contends that Defendant has retained the money Plaintiff paid for the job. *Id*. Plaintiff requests the Court "to revoke [Defendant's] licensing[1] for fraud and have [it] pay for the unfinished work along with the damages accrued from the cheap material that was used and the cost of utilities that were made during the time of construction." *Id*. at 4.

It does not appear that this Court has subject-matter jurisdiction as Plaintiff appears to indicate that both he and Defendant are citizens of New Jersey. It is also unclear whether Plaintiff seeks the required amount necessary to confer jurisdiction on the Court, that is, over $75,000. Plaintiff provides no allegations as to this Court's jurisdiction. *See id*. at 2. Accordingly, the Court dismisses this matter because Plaintiff has failed to adequately plead a basis for this Court's subject-matter jurisdiction. However, because Defendant is an LLC, *see* D.E. 1 at 1, its citizenship

---

[1] Plaintiff's request to revoke Defendant's license is more appropriately directed to the relevant state licensing agency, in this case, the New Jersey Department of Community Affairs. This Court does not engage in state licensing.

"is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Accordingly, if Plaintiff can in good faith allege that all of Defendant's members are not citizens of New Jersey and that the amount in controversy is above $75,000.00, Plaintiff may be able to establish diversity jurisdiction under 28 U.S.C. § 1332(a). But Plaintiff has failed to plead any facts as to jurisdiction at this time.

Federal courts are courts of limited jurisdiction, while state courts (such as the Superior Court of New Jersey) are courts of general jurisdiction. Thus, if Plaintiff does not believe that he can establish this Court's subject-matter jurisdiction, he may be able to file this matter in state court. That is not to say that Plaintiff has a meritorious case or that he will prevail. Instead, the Court merely informs Plaintiff of where he may be able to file suit if he is unable to establish subject-matter jurisdiction in federal court.

For the reasons stated above, the Court finds that Plaintiff has failed to establish he is unable to pay the costs of suit and has failed to adequately demonstrate that this Court has subject-matter jurisdiction over this case. Therefore, and for good cause shown,

**IT IS** on the 23rd day of April, 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-2, is **DENIED without prejudice**. The Court grants Plaintiff leave to file an amended application within thirty (30) days; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction. The Court grants Plaintiff leave to file an amended complaint within thirty (30) days provided that he provides adequate allegations concerning this Court's subject-matter jurisdiction based on the standard describe above; and it is further

      **ORDERED** that the Clerk shall serve this Order and Opinion upon Plaintiff by regular and certified mail.

_____<br>
John Michael Vazquez, U.S.D.J.